# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

DARRIAN D. JORDAN,

        Plaintiff,

vs.

LINN COUNTY JAIL, *et al.*,

        Defendants.

No. C04-0135-MWB

**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

_____

On July 28, 2005, the plaintiff Darrian D. Jordan (Jordan) filed an Amended Complaint (the "Complaint") in this court (Doc. No. 23). In the Complaint, Jordan asserted claims against several employees of the Linn County Jail pursuant to 42 U.S.C. § 1983. Jordan alleged that while he was an inmate in the jail in 2004, the defendants denied him the right to practice his religion by not allowing him to attend church services, denying him "access to his Qur'an (holy bible)," and denying him access to a prayer rug. (*See* Doc. No. 23)

On January 3, 2004, the defendants[1] filed a motion for summary judgment, with appropriate supporting documentation. (Doc. No. 28) On January 20, 2006, Jordan filed a resistance to the motion, also with appropriate documentation. (Doc. No. 31) The motion is now fully submitted.

The defendants raise only one issue in their motion. They argue that all of Jordan's claims against them "should be dismissed because Plaintiff wholly failed to exhaust his administrative remedies." (Doc. No. 28) Jordan responds simply that he exhausted all of

---

[1]The precise identity of the defendants in unclear from pleadings. The docket reflects that the defendants are "Linn County Jail," "Captain Stuelke," "Officer Randall," and "Unnamed Captain Who Denied Grievance." In the amended complaint, Captain Stuelke and Captain Randall are the only named defendants. (*See* Doc. No. 23, ¶¶ 6-7) However, the parties have continued to caption their filings showing "Linn County Jail, *et al.*," as the defendants. (*See, e.g.*, Doc. Nos. 23 & 31)

the administrative remedies he knew about, and the defendants cannot rely on a "secret appeals process that was never communicated to the Plaintiff" to defeat his claims. (Doc. No. 31-2, p. 3)

The facts are simple, straightforward, and undisputed. Jordan was booked into the Linn County Jail on January 26, 2004. According to the defendants, when Jordan was booked, he indicated to jail officials that he had no religious preference, but he requested a copy of the King James Version of the Christian Bible. He was provided with a copy of the Bible on January 28, 2004.

On July 5, 2004, Jordan requested a copy of the Qur'an and a prayer rug. These items were provided to him on July 8, 2004. According to the defendants, Jordan later requested a no-pork diet, and asked that his religious preference be changed to Muslim.

On July 13, 2004, Jordan filed a grievance in which he stated the following:

> About a week or two ago, I requested a Quran and prayer rug from the Chaplain. When he brought them to me he was accompanied by an officer who said his name was Rob. I specifically asked both Rob and the chaplain if [I] could still attend bible study also. Rob said quote "it won't be a problem." I made sure to let them both know that if it was going to be a problem [to] allow me to attend both services (Jumah & church) or classify me as no religion with me going to bible study [then] I didn't want to be classified. My reason for that is because outside of this jail I attend both Islamic and church services. I go to the mosque and the church. They both serve the same God and it's my belief that they both are relevant so I study both. In this jail there's never an Imam to conduct Jumah. I'd rather go to bible study/church and hear the ministers and read my Quran on my own. I'm being denied my constitutional right, freedom of religion, by not allowing me to attend bible study/church service.
>
> Also, it doesn't say in the rule book that an inmate can't attend various religious services.

(Doc. No. 31, Ex., pp. 1-2)

On July 14, 2004, a "Captain" (last name illegible) responded to the grievance, as follows:

> You requested to be classified as a Muslim and to receive a no-pork diet and prayer rug. Your request was granted. You will be allowed to attend Muslim services, but not Christian ones. Your new classification will remain until you leave the facility. Your grievance is denied.

(*Id.*, p. 1)

An undated, unsigned "Inmate Request Form" referencing Jordan contains the following notation: "Your request for church has been denied per Chaplin [sic] and Capt. 165. You requested Muslim which was granted. You can appeal to the Captain – but for now you will be listed as Muslim." (*Id.*, p. 4) On July 17, 2004, apparently in response to this communication, Jordan completed and filed an Inmate Request Form, which was delivered to Captain Stuelke. In the form, Jordan stated the following:

> I was told by C.O. Rob and the chaplain that I could still attend church service if I was classified muslim. I said that if I couldn't go to church services also I didn't want to be classified as muslim. Rob said that it wouldn't be a problem. Now it is so I'd like to be unclassified as muslim.

(*Id.*, p. 3) The same day, Captain Stuelke responded as follows: "Denied, you will remain Muslim for the duration of your stay." (*Id.*)

Jordan took no further action on his complaints until October 12, 2004, when he filed the paperwork to start this action in federal court.

The defendants claim Jordan cannot pursue his claims because he did not appeal the grievance. Jordan responds, in an affidavit filed in resistance to the motion for summary judgment, that he had no knowledge of any right to appeal a denied grievance.

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted." Under this provision, Jordan was required to exhaust the administrative remedies available at the Linn County Jail before pursuing his claims in this court. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

In the Eighth Circuit Court of Appeals, the court will only excuse inmates from complying with an institution's grievance procedures "when officials have prevented prisoners from utilizing the procedures, *see Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001), or when officials themselves have failed to comply with the grievance procedures. *See Foulk v. Charrier*, 262 F.3d 687 (2001)." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

Here, Jordan filed a grievance with the Linn County Jail raising one issue – he asked to be permitted to attend both Christian and Muslim religious services. This request was denied. In the Jail's response to the grievance, he was told he would be allowed to attend Muslim services, but not Christian ones.[2] Jordan did not file a grievance alleging he had been denied access to the Qur'an or to a prayer rug – his two other claims in this case. He clearly knew of the grievance process, evidenced by the grievance he filed on his third claim. Thus, his claims that he was denied access to the Qur'an and that he was denied access to a prayer rug should be dismissed. In fact, because the record undisputably establishes that Jordan was not, in fact, denied access to the Qur'an or to a prayer rug, these two claims should be dismissed with prejudice. *See* 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion . . . dismiss any action brought with

---

[2]This result was dictated by a jail policy issued on August 2, 2002, under which, "[d]ue to a shortage of space for Christian worship, those inmates attending Muslim services or claim[ing] Muslim as their religion will not be allowed to attend Christian services or bible study. Their attendance takes a space away from another inmate that claims to be a Christian and has not attended." (Doc. No. 28-4, p. 2)

respect to prison conditions under section 1983 of this title . . . if the court is satisfied that the action is frivolous.")

Jordan's remaining claim, that his constitutional right to exercise his religion was violated by the defendants' actions, was specifically set out in the grievance he filed on July 13, 2004. Although the defendants argue Jordan failed to exhaust this claim because he did not appeal the denial of the claim, nowhere in the summary judgment papers is there a reference to any appellate process.[3] Jordan has submitted an affidavit to the court stating he was unaware of any appellate procedure, and, on this record, the court is unaware of an appeals process within the Linn County Jail. Therefore, this claim should not be dismissed for failure to exhaust.[4]

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[5] to the Report and Recommendation in accordance with Title 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.2, within ten days of the service of a copy of this Report and Recommendation, that the motion for

---

[3]The only reference to a right to appeal is a statement that Jordan could "appeal to the Captain." (Doc. No. 31, p. 4) That statement is undated and could have been in response to Jordan's oral request; there is no evidence that it came after Jordan filed his grievance on July 13, 2004, or his request for change in religious preference on July 17, 2004. Because both the grievance and the request for change in religious preference were denied by Captains, the undated statement that Jordan could appeal to a Captain does not indicate Jordan had any further appellate rights.

[4]Notably, the court seriously questions the merits of this remaining claim. The court can find no authorities to support an argument that where an inmate is permitted to attend religious services for his stated religion, he is denied his constitutional right to exercise his religion if he is denied the right to attend religious services for some other religion.

[5]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

summary judgment be **granted in part and denied in part**, consistent with this report and recommendation.

       **IT IS SO ORDERED.**

       **DATED** this 10th day of March, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT