# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DARRIAN D. JORDAN,<br><br>    Plaintiff,<br><br>vs.<br><br>LINN COUNTY JAIL, et al.,<br><br>    Defendants. | No. C04-0135-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

_____

## I.  INTRODUCTION AND BACKGROUND

### A.  *Procedural Background*

On July 28, 2005, plaintiff Darrian D. Jordan filed an amended complaint in this action pursuant to 42 U.S.C. § 1983.  In his lawsuit, plaintiff Jordan, a former inmate at Linn County Jail, Cedar Rapids, Iowa, claims that the defendants violated his First Amendment rights to the free exercise of religion.  Specifically, plaintiff Jordan alleges: (1) that jail officials did not allow Jordan to attend church services; and, (2) that jail officials denied plaintiff Jordan access to his Qur'an and prayer rugs. This case was referred to United States Magistrate Judge Paul A. Zoss.

On January 3, 2006, defendants filed their motion for summary judgment. Defendants contend that all of plaintiff Jordan's claims should be dismissed because plaintiff Jordan has failed to exhaust his administrative remedies.  Plaintiff Jordan filed a timely resistance to defendants' motion for summary judgment.  On March 10, 2006, Judge Zoss issued a Report and Recommendation in this case in which Judge Zoss

recommended granting in part and denying in part defendants' motion for summary judgment. Judge Zoss recommended that defendants' motion for summary judgment be granted with respect to plaintiff Jordan's claim that jail officials denied him access to his Qur'an and prayer rugs because the record establishes that plaintiff Jordan did not file a grievance with respect to those actions. Judge Zoss recommended that defendants' motion for summary judgment be denied with respect to plaintiff Jordan's claim that jail officials did not allow Jordan to attend church services. No objections to Judge Zoss's Report and Recommendation have been filed.

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> Jordan was booked into the Linn County Jail on January 26, 2004. According to the defendants, when Jordan was booked, he indicated to jail officials that he had no religious preference, but he requested a copy of the King James Version of the Christian Bible. He was provided with a copy of the Bible on January 28, 2004.
> On July 5, 2004, Jordan requested a copy of the Qur'an and a prayer rug. These items were provided to him on July 8, 2004. According to the defendants, Jordan later requested a no-pork diet, and asked that his religious preference be changed to Muslim.
> On July 13, 2004, Jordan filed a grievance in which he stated the following:
>> About a week or two ago, I requested a Quran and prayer rug from the Chaplain. When he brought them to me he was accompanied by an officer who said his name was Rob. I specifically asked both Rob and the chaplain if [I] could still attend bible study also. Rob said quote "it won't be a problem." I made sure

to let them both know that if it was going to be a problem [to] allow me to attend both services (Jumah & church) or classify me as no religion with me going to bible study [then] I didn't want to be classified. My reason for that is because outside of this jail I attend both Islamic and church services. I go to the mosque and the church. They both serve the same God and it's my belief that they both are relevant so I study both. In this jail there's never an Imam to conduct Jumah. I'd rather go to bible study/church and hear the ministers and read my Quran on my own. I'm being denied my constitutional right, freedom of religion, by not allowing me to attend bible study/church service.

Also, it doesn't say in the rule book that an inmate can't attend various religious services.

(Doc. No. 31, Ex., pp. 1-2)

On July 14, 2004, a "Captain" (last name illegible) responded to the grievance, as follows:

You requested to be classified as a Muslim and to receive a no-pork diet and prayer rug. Your request was granted. You will be allowed to attend Muslim services, but not Christian ones. Your new classification will remain until you leave the facility. Your grievance is denied.

(*Id.*, p. 1)

An undated, unsigned "Inmate Request Form" referencing Jordan contains the following notation: "Your request for church has been denied per Chaplin [sic] and Capt. 165. You requested Muslim which was granted. You can appeal to the Captain – but for now you will be listed as Muslim." (*Id.*, p. 4) On July 17, 2004, apparently in response to this communication, Jordan completed and filed an Inmate Request Form, which was delivered to Captain Stuelke. In the form, Jordan stated the following:

I was told by C.O. Rob and the chaplain that I could still attend church service if I was classified muslim. I said that if I couldn't go to church services also I didn't want to be

> classified as muslim. Rob said that it wouldn't be a problem. Now it is so I'd like to be unclassified as muslim.
>
> (*Id.*, p. 3) The same day, Captain Stuelke responded as follows: "Denied, you will remain Muslim for the duration of your stay." (*Id.*)
>
> Jordan took no further action on his complaints until October 12, 2004, when he filed the paperwork to start this action in federal court.

Report and Recommendation at pp. 2-3. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. ANALYSIS

Pursuant to statute, this court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

4

FED. R. CIV. P. 72(b).  The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required.  *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1))); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).  In this case, no objections have been filed, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them.  Therefore, the court **accepts** Judge Zoss's Report and Recommendation of March 10, 2006, regarding defendants' motion for summary judgment.

### III.  CONCLUSION

The court **accepts** Judge Zoss's Report and Recommendation.  Therefore, the court **grants in part and denies in part** defendants' motion for summary judgment.  Accordingly, defendants' motion for summary judgment is **granted** with respect to plaintiff Jordan's claim that jail officials denied plaintiff Jordan access to his Qur'an and prayer rugs because the record establishes that plaintiff Jordan did not file a grievance with respect to those actions.  The motion is **denied** with respect to plaintiff Jordan's claim that jail officials did not allow him to attend church services.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA